CHICAGO TITLE & TRUST CO. v. JOHN A. ROEBLING'S SONS CO. et al.

(Circuit Court, N. D. Illinois. February 8, 1901.)

BANKRUPTCY—PREFERENCE OF JUDGMENT CREDITOR.

> Where a bankrupt's property before insolvency consists chiefly of a manufacturing plant and raw materials for use therein, the fair valuation of which depends largely on the fact that the plant is a going concern, and such valuation as a going concern brings the entire fair value of the bankrupt's assets to a total in excess of his liabilities, the fact that a judgment creditor caused a levy to be made on such plant, and a sale under such levy, thus destroying the value of the plant as a going concern, and bringing the total value of his assets, including the sum realized from the sale of the plant under such levy, to a figure below his liabilities, does not create a preference in favor of the judgment creditor, which could be recovered by the bankrupt's trustee, though the creditor had reasonable cause to believe that such levy and sale would cause the insolvency, as the bankruptcy act provides (section 60) that a bankrupt shall be deemed to have given a preference if, "being insolvent," he procures or suffers judgment to be entered against himself, etc.

On Exceptions to the Master's Report.

The following is the substance of the report:

The Diamond Electric Company, a corporation, on April 21, 1898, was engaged in the business of manufacturing electrical supplies, with a plant at Peoria, Ill. Being indebted to John A. Roebling's Sons Company, defendant, in the sum of $3,500 for merchandise, it represented to the defendant that it had assets largely in excess of its liabilities, but needed ready money. The defendant thereupon advanced to it the sum of $6,500 in cash, taking a judgment note for $10,000, payable on demand, with an understanding that the same be paid in monthly installments. The first installments not being paid, the defendant pressed for payment in June, 1898, and in July, 1898, placed the note in the hands of its attorney. During the summer of 1898 numerous demands were made for payment. On the occasions when it was pressed for

tpayment the Diamond Electric Company, through its president, made repeated representations to the defendant that its assets largely exceeded its liabilities, and trial balances and other written statements were exhibited, showing a large margin of assets over liabilities. On September 27, 1898, the defendant entered judgment on the note in the circuit court of the United States, and execution issued, and on the same date the marshal levied on all the plant, machinery, and stock of the Diamond Electric Company at Peoria. A sale was duly advertised, and on October 11, 1898, the property was sold by the marshal to the defendant for $7,500; and the defendant later sold the property so purchased to outside parties for enough to pay its claim against the Diamond Electric Company in full. On September 28, 1898, the Diamond Electric Company made an assignment in the county court to David H. Roblin, assignee, who took possession of the assets not levied upon, which consisted largely of accounts and bills receivable. On July 1, 1898, the bankruptcy act was passed, and on November 11, 1898, the creditors of the Diamond Electric Company other than the defendant filed an involuntary petition in bankruptcy against it. On February 10, 1899, it was adjudicated bankrupt. On March 17, 1899, the complainant was appointed trustee, and on June 21, 1899, filed its bill against the defendant to recover the value of the plant and stock sold under execution under the defendant's judgment. The plant levied upon by the defendant comprised a large part of the assets of the Diamond Electric Company. The amount realized by the assignee in the county court, and later by the trustee from the collection of the accounts and bills receivable and from the sale of the other assets, was insufficient to pay the remaining creditors, other than the defendant, in full.

The master found that at the time of the entry of the judgment by the defendant, September 27, 1898, the assets of the bankrupt were $41,473.19; that out of this total the property levied on and sold under the defendant's execution, was worth $27,684.19. The master reached these conclusions on the basis of a going concern. The total liabilities he found to be $34,758.28, including the defendant's claim. He therefore found that the assets, at a fair valuation, exceeded the liabilities, and the Diamond Electric Company was therefore solvent on September 27, 1898, when the defendant entered its judgment. The master held that the question of solvency or insolvency is to be determined as of the time when the preference sought to be recovered by the trustee was obtained; that the assets are to be valued as the assets of a going concern; that the plant and merchandise levied on under defendant's judgment should not be excluded from the assets in determining the solvency or insolvency, because, among other reasons, the facts in evidence did not bring the case within that provision of section 1 (15), which excludes property that the bankrupt has transferred with intent to defraud, hinder, or delay creditors. On the subject of whether or not a preference had been given, the master found that, the Diamond Electric Company not having been insolvent, there could be no preference, but that, if it was insolvent within the meaning of the bankruptcy act, the defendant did receive a preference, although the debtor in no way assisted it in the entry of the judgment; that the language "procure or suffer," in section 60a, has a passive meaning, and that a debtor procures or suffers a judgment to be entered if he does not prevent it; and the fact that the judgment note was given in good faith when the debtor was solvent, and even before the bankruptcy act was passed, does not prevent the entry of a judgment upon the note from being a preference within the meaning of the present bankruptcy act. The master further found that, even if the Diamond Electric Company was insolvent, and the defendant received a preference, it could not be recovered in this case, because section 60b of the bankruptcy act, which controls the recovery of a preference by a trustee, requires, for a preference to be recoverable, that the creditor at the time he received it shall have had reasonable cause to believe a preference to be intended by the debtor; and that this must include reasonable cause to believe the debtor insolvent, because insolvency is a necessary element of a preference. The master found that, in view of the fact that repeated representations of solvency were made to the defendant by the debtor, and in the light of the other circumstances in the case, the defendant, at the time it received its preference, did not have rea-

sonable cause to believe that the Diamond Electric Company was insolvent, or that it intended to give the defendant a preference. The master therefore reported that the complainant had not established the necessary elements of its case, and that the bill of complaint should be dismissed.

David H. Roblin and D. I. Sicklesteel, for complainant.

Henry A. Gardner and Henry L. Stern, for defendant John A. Roebling's Sons Co.

KOHLSAAT, District Judge. The questions of fact herein, as found by the master, will be taken as the ultimate facts in the case, no good grounds to the contrary being shown. Upon these facts there is but one proposition of law to be passed upon by the court; which will be stated in general terms as follows: Where the property of the bankrupt before insolvency consists chiefly of a manufacturing plant and raw materials for use in said plant, the fair valuation of which depends in large part upon the fact that said plant is a going concern, and such fair valuation as a going concern brings the entire fair value of the assets of said bankrupt to a total in excess of the bankrupt's liabilities, would the fact that a judgment creditor caused a levy under his judgment to be made upon such plant, and its sale under such levy, thus destroying the value of said plant as a going concern, and bringing the total value of the assets of said bankrupt, including the sum realized from the sale of the plant under said levy, to a figure below the bankrupt's liabilities, create a preference in favor of said judgment creditor, which could be recovered by the bankrupt's trustee, when such judgment creditor has reasonable cause to believe that such levy and sale would cause the insolvency of the bankrupt as aforesaid? While I regret to be forced to the conclusion, yet I am of the opinion that, under the wording of the present bankruptcy act, and especially the proper interpretation of the words "being insolvent," such action on the part of a judgment creditor would not create a preference recoverable by the trustee under the terms of the act. The exceptions to the master's report will, therefore be overruled, the report confirmed, and the petition of the trustee be dismissed for want of equity.